## Juniata Building and Loan Association's Assigned Estate.

*Assignment for creditors—Accounts—Exceptions—Practice, C. P.*

Where an assignee for creditors files an answer to a petition for a citation to account, and the answer in the opinion of the court is equivalent to an account, it is error to dismiss the proceedings. The court should in such a case direct that notice be given to creditors, and if exceptions are filed should proceed in the usual manner to determine whether the answer is equivalent to an account, and if not should direct that the assignee file an account, so that proceedings might be taken in the usual way.

Submitted Oct. 28, 1903. Appeal, No. 166, Oct. T., 1903, by plaintiff, from order of C. P. Blair Co., Oct. T., 1899, No. 25, dismissing petition for a citation to account, In re Assigned Estate of Juniata Building and Loan Association. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Petition for citation to account. Before BELL, P. J.

*Errors assigned* (1–3) are quoted in opinion of Superior Court.

*A. V. Dively*, for appellant, cited : Seeger's Estate, 6 W. N. C. 369; Heath's Estate, 10 Pa. Dist. Rep. 281; Passmore's Est., 194 Pa. 632.

*Thomas H. Greevy* and *J. H. Craig*, for appellee, cited: McCabe's App., 22 Pa. 427 ; Forster v. Forster, 1 Pearson, 275; Mellish's Est., 1 Pars. Eq. Cases, 482; Neill's App., 15 W. N. C. 136; Seeger's Estate, 6 W. N. C. 369; Stoker's Estate, 10 Pa. Dist. Rep. 375; In re Conshohocken Worsted Mills, 9 Montgomery Co. Law Rep. 23.

OPINION BY MORRISON, J., December 19, 1903 :

The assignments of error in this case are as follows:
1. " The learned court erred in holding in his opinion that
the answer of respondent is a complete, comprehensive and
exhaustive statement of the assets of this association.    It
contains all the features of an account, with all the minutiæ
and detail of exhibits, showing also the nature and character
of the assets and disbursements, covering nearly one hundred
pages." 2. " The stock was issued, certificates presented for
payment.    The petitioner was bound to know what stock
would be presented and if he knew of the issue of such stock
he should have disclosed the knowledge, filed his protest be-
fore distribution was made, the fund wholly distributed, and,
after a satisfactory settlement is made out of court, hold up
the trustee, demand of him payment in full, or threaten him
with a personal expense, which would be the equivalent of
the sum demanded." 3. " And now, July 6, proceedings are
dismissed." It appears from the petition, answer and replica-
tion that the petitioner is a stockholder and a creditor of the
Juniata Building and Loan Association of which James H.
Craig was assignee for the benefit of creditors.    It also appears
that the said assignee never filed an account of his manage-
ment of the assigned estate.    On petition of the plaintiff a
citation was awarded against the assignee, and instead of filing
an account an elaborate answer was filed which the learned
court considered the equivalent of an account.    Whether this
is so or not is not the most vital question raised by this
appeal.    If it was a sufficient substitute for an account then
it is very clear that the petitioner ought to have had leave to
file exceptions thereto, and if exceptions had been filed the
usual proceedings should have been resorted to.    But the
learned court after determining that the answer contained all
the features of an account proceeded forthwith to dismiss the
proceedings.    This was done in the face of the replication
denying the justice and legality of the settlement set up in
the answer.    We are of opinion that the petitioner was
entitled to an accounting by the assignee, and whether the
answer filed with the schedules annexed is or is not a suf-
ficient substitute for an account the court below erred in dis-
missing the proceedings.    On the contrary, notice should have

been given and opportunity afforded for the petitioner or any other creditor to file exceptions and have the matter determined in an orderly and judicial manner.

The decree of the court dismissing the proceedings is reversed, and it is ordered that the petition, answer and replication be reinstated, and that notice be given in the usual manner of the filing of the so-called account to the end that the petitioner and other interested parties may have an opportunity to file exceptions, and if exceptions shall be filed then the court is instructed to proceed in the usual manner to determine, first, whether or not the answer filed is a sufficient substitute for an account.   Second, if not a sufficient account then the assignee shall be required to file an account, and in either event the exceptions must be considered and judicially disposed of, and a final decree entered in accordance with the practice in such cases.   It is further ordered that the assignee pay the costs of this appeal.